CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 1 5 2005

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CYNTHIA DIANE DEEL, | ) | Civil Action No. 7:04CV00150 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BANK OF AMERICA, N.A. | ) | |
| | ) | By: James C. Turk |
| Defendant. | ) | Senior United States District Judge |

This matter is before the court upon *in camera* review of defendant Bank of America's (BOA) redacted documents in discovery and a corresponding privilege log describing the substance of the redactions that BOA produced to the court as directed by the order of July 26, 2005, in this conditionally certified class action alleging violations of the Fair Labor Standards Act (FLSA). Following *in camera* review, the court finds that BOA's documents are protected by attorney-client privilege and were therefore properly redacted in discovery.

I.

By order of July 26, 2005, the court granted plaintiff Cynthia Diane Deel's July 8, 2005 motion to clarify the memorandum opinion and order of March 31, 2005, holding that defendant BOA's "Wrap Document" is not privileged, but recognizing that several documents within the Wrap Document contain privileged material which may be redacted, and ordering disclosure of the Wrap Document.[1] As directed by order of March 31, 2005, BOA produced the Wrap Document to Deel and redacted several segments and documents asserting attorney-client

---

[1] *See* Mem. Op., March 31, 2005, at 14-15, note 7. The Wrap Document is titled, "Corporate Job Review for Exemption Status Wrap Document." *See also*, Aff. Jay J. Price, In-house Counsel, at ¶ 13 ("purpose of the Wrap Document was to provide insight for the next audit [review of certain jobs concerning the FLSA implementation effort] so that the process would not have to reinvented").

privilege. On July 8, 2005, Deel motioned for the court to review the redacted portions of the Wrap Document for consistency with the court's ruling to ensure that the redactions are in fact privileged. As directed by order of July 26, 2005, BOA submitted the redacted pages of the Wrap Document and an accompanying privilege log describing the substance of the redactions to the court; the court conducted *in camera* review to ensure that the redactions are privileged.[2] The court finds BOA properly redacted from the Wrap Document information protected by attorney-client privilege.

## II.

Federal common law protects from discovery communication between a lawyer and client intended to be confidential under the attorney-client privilege. *Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998); *Upjohn Co. v. U.S.*, 449 U.S. 383, 389 (1981); *In re Grand Jury Subpoena*, 341 F.3d 331, 335 (4th Cir. 2003). Furthermore, Supreme Court Standard 503(b) serves a guide to application of attorney-client privilege under federal law, and states:

> [a] client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client, (1) between himself and his representative and his lawyer or his lawyer's representative, or (2) between the lawyer and the lawyer's representative, or (3) by him or his lawyer to a lawyer representing another in a matter of common interest, or (4) between representatives of the client or between the client and a representative of the client, or (5) between lawyers representing the client.

*United States v. (Under Seal)*, 748 F.2d 871, 874 n. 5 (4th Cir. 1984). Additionally, under the "classic test" applied by the Fourth Circuit, the attorney-client privilege protects confidential

---

[2] The following BOA documents were submitted for *in camera* review: BOA 0914; 0925; 0940; 0942-44; 0971; 0993-99; 1009-12; 1014-18; 1020-26; 1028-40; 1074-77; 1080-81; 1083-86; 1088-94; 1096-112; 1125; 1130-31; 1133; 1139-40; 1148; 1052; and 1156-64.

communication exchanged "for the purposes of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, [ ] and [ ] the privilege has been (a) claimed (b) and not waived by the client." *In re Grand Jury Subpoena*, 341 F.3d at 336.

## III.

The documents and sections of information that BOA redacted from the Wrap Document contain legal advice, opinions, theories, conclusions, strategies and mental impressions of in-house counsel, and are limited to only information that is privileged. *See* Fed. R. Civ. P. 26(b)(3); *Hawkins*, 148 F.3d at 383; *Upjohn Co.*, 449 U.S. at 389.

The redacted information was communication meant to remain confidential between in-house counsel and a group of managers or the like (such as the Risk and Capital Committee) acting on behalf of the client corporation and who were specifically designated to carry-out the legal advice given to BOA pertaining to an audit. *See, In re Grand Jury Subpoena*, 341 F.3d at 336. The audit reviewed jobs for over-time exemption status under the FSLA and was in part sparked by a general wave of litigation across the country; in-house counsel directed the audit from which the Wrap Document was created. *See, id.* The privilege log and redacted information clearly shows that the intent of in-house counsel and the group of managers/committee was to keep confidential the legal advice, opinions, theories, conclusions, strategies, and mental impressions of in-house counsel concerning the results of the audit and implementation of any related changes. *See, id.* Furthermore, upon *in camera* review of the redacted information, it is clear that this information was, and is to remain confidential even within the corporation from others outside in-house counsel or the committee. *See, id.* Additionally, following review of the redacted information and narrowly construing the attorney-

client privilege, it is clear in this situation that to otherwise force disclosure of the redacted information would not serve a public good that transcends BOA's client privilege. *See, id.* at 335. Therefore, the court finds that the redacted portions of the Wrap Document are protected by attorney-client privilege and may not be disclosed in discovery.

## IV.

For the stated reasons, the court finds that BOA properly redacted from the Wrap Document information that is protected from disclosure by attorney-client privilege.

**ENTER**: This 15th day of September, 2005.

/s/ James C. Turk
SENIOR UNITED STATES DISTRICT JUDGE